PALM BEACH COUNTY OIL COMPANY, a Corporation, *Plaintiff in Error* v. CARL HANNON, a minor, by his next friend and father, WILL HANNON, *Defendant in Error.*

Division B.

Opinion filed April 1, 1929.

*Joseph S. White,* for Plaintiff in Error;

*Blackwell, Donnell & Moore,* for Defendant in Error.

BUFORD, J.—In this case defendant in error sued plaintiff in error for personal injuries alleged to have been sus-

tained by the wrongful act of the defendant in the court below.

The declaration was in two counts. The first was substantially, as follows:

'That defendant was on the 16th day of September, 1925, possessed of and operating a motor driven gas tank truck of great weight, power and size, and said defendant was on said date, by its servant and employee, driving and conducting said truck South upon Dixie Highway, a hard surfaced public road in Palm Beach County, Florida, at and just north of the city limits of the City of West Palm Beach, Florida, where the said Dixie Highway is narrow. That the defendant, at about eight o'clock P. M., on said date, acting by and through its servant and employee aforesaid, who was then and there acting within the line and scope of his said employment, did then and there carelessly and negligently park and leave said truck standing upon said Dixie Highway, with all four wheels on said hard surfacing of said public road and without any tail or rear light, or other light, lights or signal of any kind or character to warn or apprise the plaintiff or other traveler of the presence of such truck on said highway; that the plaintiff was lawfully traveling south on said Dixie Highway, aforesaid, after dark, to-wit: about eight o'clock P. M. on said date upon a motorcycle which the plaintiff was then and there operating and riding, that plaintiff had proper lights burning on the said motorcycle, but because of the carelessness and negligence of the defendant aforesaid, plaintiff's motorcycle ran into and collided with the said truck of defendant left as aforesaid.'

Damages are claimed for permanent injuries.

The Second Count is the same as the first, except that it claims damages for injury to the motorcycle. This count was abandoned at the trial.

There were three pleas. The first was, "that it is not guilty." Second, "that it denies that plaintiff had proper lights burning on said motorcycle as alleged in the declaration." Third, "that the negligence of the said Carl Hannon was the sole cause of the injury."

Upon issue joined on these pleas trial was had. The evidence as presented by the bill of exceptions included in the record fails to show who parked the truck where it was parked. It fails to show who was the owner of the truck. It fails to show any connection between the truck and the defendant. Judgment was in favor of the plaintiff and for the reasons stated should be reversed under authority of the opinion in the case of Varnes v. S. A. L. Ry. Co., 80 Fla. 624, 86 So. R. 433. It is so ordered.

Reversed.

TERRELL, C. J., AND WHITFIELD, ELLIS AND BROWN, J. J., concur.